## St. Louis, San Francisco & Texas Railway Company v. Grayson County et al.

### Decided March 14, 1903.

**1.—Public Road—Injury to, by Railroad—Suit by County.**

Where a railway company appropriates part of a public road for its track, the county may maintain a suit for the damages thus occasioned.

**2.—Same—Measure of Damages.**

Where a railroad made use of part of a public road for its tracks, but constructed a new road near to and parallel with the part so occupied, the measure of damages was the amount required to put such new road in as good condition as was the road before such appropriation.

**3.—Same—Evidence Too Remote in Time.**

Testimony was not admissible to show the condition of the public road long before the construction there of the railroad, nor the condition of the new road long after its completion.

**4.—Same—Evidence—Pleading Requisite—Charge.**

Where evidence was admitted showing that the railroad had made excavations near the new road since its construction, but there was no pleading authorizing it, it was error for the court to refuse a charge that no damages could be allowed on that account.

Appeal from the County Court of Grayson. Tried below before Hon. J. D. Woods.

*Head & Dillard* and *R. C. Foster,* for appellant.

RAINEY, Chief Justice.—The St. Louis, San Francisco & Texas Railway Company constructed its line of railway upon and entirely occupied a part of the dirt road known as the Denison and Colbert wagon road, in Grayson County, thereby appropriating it to its own use and rendering it useless as a wagon road. Said railway company, through its contractors, Munson Bros., constructed a new wagon road near to and parallel with its track for the distance that the old road had been appropriated, for the purpose of restoring the highway to public use. This arrangement seems to have been assented to by the county commissioners, though no formal action thereon was ever had by the commissioners court of said county.

This action was brought by Grayson County to recover damages for the appropriation of the highway by the railway company. Said railway company answered generally, and specially that the appropriation of said highway was by the consent of the lawful authorities, and that such highway was restored to its former state and to such state as not to unnecessarily impair its usefulness, before this suit was instituted. Munson Bros., the contractors aforesaid, were vouched in by the railway company, which prayed for judgment over against them in the event judgment was rendered against it.

Plaintiff recovered judgment against said railway company, and judgment in its favor was rendered over against Munson Bros. for a like amount. All the defendants appeal.

The first contention is that the "county  *  *  *  can not sustain an action for damages for the appropriation of a public road by a railway company in the construction of its railroad." This contention we do not consider tenable. The county, through its commissioners court, has power to lay out, construct, control and maintain public roads, and it is its duty to maintain and keep same in repair for the use of the public. A railway company, under the statutes (Rev. Stats., art. 4426), has a right to construct its road along or upon such highway, but the duty devolves upon such company to restore such highway "to its former state, or to such state as not to unnecessarily impair its usefulness." This is a duty due the public, and if the railway company fails to comply with this duty where it has built upon the highway, then the public is entitled to recover damages resulting from such failure. The opening and maintaining a highway is of some expense to counties, and it would be somewhat singular that a railway company could appropriate a well improved highway and not respond in damages. The county represents the interest of the public in such matters, and can maintain a suit where such interest is infringed.

It was the duty of the railway company in this instance to place the new road in as good condition for public use as the old road was at the time it was appropriated. If it failed in this, then the county would be entitled to recover as damages such amount as would be required to be added to the work done to put the new road in such condition. The statute contemplates that where it is practicable the railroad shall restore the highway to its former condition. In this instance that could not be done. Where the railway intersects or crosses the highway it may be, by reason of the very nature of things, impracticable to restore the road exactly to its former condition. The Legislature, recognizing this, made provision for such a contingency by providing in the alternative for the restoration of the highway "to its former state, or to such state as not to unnecessarily impair its usefulness."

The railway company having performed work on the new road, the court erred in charging the jury that "the measure of recovery would be the reasonable amount that it would take to procure another road in the place of the one taken and put the same in as good condition as the one taken, or in reasonably safe and convenient condition for public travel." This authorizes the jury to find for the full amount that it would cost to build the new road, without regard to the work done on it by the railway company. If the new road, when completed, was not placed in as good condition as the old one, then the county would only be entitled to recover such an amount as was necessary for that purpose.

The court erred in admitting the testimony showing the condition of the new road long after it was completed; also testimony as to the condition of the old road long before it was appropriated by the railway company. The testimony should have been confined to the condition of the old road when appropriated and the condition of the new road when

completed, and damage, if any, to be measured by the difference in their then conditions.

There was not sufficient evidence of the consent or acts on the part of the authorities of Grayson County as will preclude a recovery if, in fact, damages resulted from the appropriation of the old road.

There was evidence introduced showing that the railway company had made excavations adjacent to the new road since its construction. A special charge was requested by appellants, and refused, to the effect that the jury in no event should allow any damages on that account. We think there was error in refusing this charge, because there was no pleading authorizing a recovery for such damages, and the jury were liable to consider such evidence in the absence of such an instruction.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*